UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

Executive Non-Emergency　　　　　　　　Case No.:   6:18-bk-03958-KSJ
Transportation Inc.,　　　　　　　　　　　Chapter 11

　　　　　　　Debtor.
_____/

**UNITED STATES TRUSTEE'S OBJECTION
TO DEBTOR'S APPLICATION FOR APPROVAL OF EMPLOYMENT
OF KELLI B. HASTINGS OF THE LAW OFFICE OF KELLI B. HASTINGS, PLLC
AS LEAD COUNSEL TO THE DEBTOR
<u>AND FOR APPROVAL OF EARNED ON RECEIPT RETAINER</u>**

　　　　Daniel M. McDermott, the United States Trustee for Region 21 ("<u>UST</u>"), by and through his undersigned counsel, objects to the Debtor's Application for Approval of Employment of Kelli B. Hastings of the Law Office of Kelli B. Hastings, PLLC as Lead Counsel to the Debtor and For Approval of Earned On Receipt Retainer (Doc. No. 22; "<u>Application</u>"). In support, the UST states as follows:

　　　　1.　　On June 29, 2018, Executive Non-Emergency Transportation Inc. ("<u>Debtor</u>") filed a voluntary chapter 11 bankruptcy petition to initiate the instant case.

　　　　2.　　On July 24, 2018, the Debtor filed the Application, pursuant to 11 U.S.C. § 327(a) and Federal Rules of Bankruptcy Procedure 2014 and 2016, which seeks to authorize the employment of Kelli B. Hastings, Esq. and obtain approval of an earned-on-receipt retainer.

　　　　3.　　As of the date of this Objection, the 21-day period specified by Federal Rule of Bankruptcy Procedure 6003 has expired.

4. As of the date of this Objection, the Debtor has yet to file bankruptcy schedules and other required documents due to extensions granted by the Court.

5. As of the date of this Objection, the UST is yet to examine the Debtor under oath at a section 341 meeting of the creditors.

6. The UST cannot determine whether the proposed counsel is disinterested or has other conflicts of interest because the Debtor has not yet filed schedules and other required documents and because the UST has not conducted a section 341 meeting.

7. The Application seeks court approval of an earned-on-receipt retainer of $30,000.00. However, the Debtor has failed to substantiate this request as the Application lacks sufficient detail for the requisite fact-intensive analysis:

> Seven issues will usually guide the reasonability inquiry: (1) whether the case at hand is unusually large or complex, thus causing a rapid accrual of large amounts of fees; (2) whether waiting an extended period for payment would place an undue burden on proposed counsel; (3) whether proposed counsel will be able to disgorge a portion or all of the earned-on-receipt retainer should the court later order a refund; (4) whether proposed counsel is particularly experienced in Chapter 11 debtor's work; (5) whether proposed counsel has declined representation in specific other cases in order to work on debtor's case; (6) whether the actual amount of fees paid as an earned-on-receipt retainer is excessive or not; and (7) whether adequate disclosure of the earned-on-receipt retainer has been made to all appropriate parties.

*In re Craig*, 265 B.R. 624, 632 (Bankr. M.D. Fla. 2001).

8. Moreover, the UST has concerns about the potential fee-splitting arrangement referred to in the Disclosure of Compensation of Attorney for Debtor (Doc. No. 19), which states "Attorney Fees to be shared with the Infurna Law Firm. The Infurna Law Firm will be assisting as co-counsel."

9. The Application lacks information regarding the intended involvement of the Infurna Law Firm.

10. Accordingly, the UST objects to Application and requests a hearing.

DATED: July 27, 2018.                    Respectfully submitted,

                                                  Daniel M. McDermott
                                                  United States Trustee, Region 21

                                                  */s/ Audrey M. Aleskovsky*
                                                  Audrey M. Aleskovsky, Trial Attorney
                                                  United States Department of Justice
                                                  Office of the United States Trustee
                                                  Florida Bar No.: 0103236
                                                  400 W. Washington Street, Suite 1100
                                                  Orlando, FL 32801
                                                  Telephone No.: (407) 648-6301, Ext. 130
                                                  Facsimile No.: (407) 648-6323
                                                  audrey.m.aleskovsky@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 27, 2018 I caused a true and correct copy of the foregoing Objection to be furnished by CM/ECF on all parties appearing electronically in the matter, and by United States Mail to the following:

Executive Non-Emergency Transportation Inc.
3155 Suntree Blvd. Ste 102
Rockledge, FL 32955

                                                          */s/ Audrey M. Aleskovsky*
                                                          Audrey M. Aleskovsky, Trial Attorney