ORDERED.

**Dated:  April 15, 2019**

_____
Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re: | ) | Case No. 6:18-bk-3958-KSJ |
| | ) | |
| EXECUTIVE NON-EMERGENCY | ) | Chapter 11 |
| TRANSPORTATION, INC., | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

**ORDER CONFIRMING AMENDED CHAPTER 11 PLAN OF REORGANIZATION AND APPROVING DISCLSOURE STATEMENT OF EXECUTIVE NON-EMERGENCY TRANSPORTATION, INC.**

This case came on for hearing on April 10, 2019 (the "Hearing"), to consider: (i) confirmation of the Debtor's Modified/Amended Plan of Reorganization dated April 4, 2019 (the "Plan") (Doc. No. 180), and as modified in open Court; (ii) final approval of the Debtor's Disclosure Statement dated (the "Disclosure Statement") (Doc. No. 169).

On March 13, 2019, the Court entered the Amended Order Conditionally Approving Disclosure Statement, Scheduling Confirmation Hearing for April 10, 2019 (the "Confirmation Hearing"), establishing Confirmation, Compensation, and Administrative Claims Hearing Procedures and Fixing Time for Filing Acceptances or Rejections of the Plan (Doc. No. 173).

1

Thereafter, the Debtor filed their Ballot Tabulation (Doc. No. 181) and Confirmation Affidavit (Doc. No. 183).

After hearing on proper notice, upon review of the Confirmation Affidavit and Ballot Tabulation and proffered testimony at the Hearing; considering the Plan and Disclosure Statement; and for the reasons stated orally and recorded in open court, the Court finds and determines that the requirements for confirmation as set forth in 11 U.S.C. §§ 1129(a) and (b) have been satisfied.

Accordingly, it is ORDERED as follows:

1. The Plan (Doc. No. 180) is CONFIRMED, as modified in open court.

2. The Disclosure Statement (Doc. No. 169) is APPROVED.

3. Debtor's *Ore Tenus* Motion for Cramdown of Class 2 is GRANTED.

4. Debtor's Ore Tenus Motion for Approval of Plan Modifications is GRANTED.

5. The Motion for Conditional Approval of Disclosure Statement and to Combine Hearing on Approval of Disclosure Statement and Confirmation of the Plan (Doc. No. 170) is GRANTED.

6. The Debtor is authorized and directed to execute all agreements and undertake the actions contemplated by the Plan[1].

7. The Debtor shall file all objections to claims within ninety (90) days of the date of this Order.

8. The Debtor shall continue to pay fees assessed pursuant to 28 U.S.C. § 1930(a)(6) until such time as this Bankruptcy Court enters a final decree closing this Chapter 11 case, or enters an order either converting this case to a case under Chapter 7 or dismissing this case, pursuant to 11 U.S.C. § 1106(a)(7) and F.R.B.P. 2015(a)(5). Additionally, the Debtor shall file with the

---

[1] Pursuant to Local Rule 3020-1(c)(1), a schedule summarizing the timing and amount of payments to be made to each class of creditors under the Plan is attached hereto as Exhibit A.

Bankruptcy Court, post-confirmation financial reports or statements of disbursements for each quarter (or portion thereof) that this Chapter 11 case remains open, in a format prescribed by the United States Trustee until this case is closed, converted, or dismissed.

9. The Debtor shall file a Certificate of Substantial Consummation and a Motion for Final Decree within thirty (30) days after the later of:

    a. The Effective Date of the Plan; or

    b. disposition of all objections to claims, adversary proceedings, and other contested matters.

10. The Court retains jurisdiction for any and all matters that may come before the Court in the administration of the Plan of Reorganization and pursuant to the Order of Confirmation, specifically including but not limited to, the jurisdiction to determine all objections that have heretofore been or may be filed to claims and creditors herein; to fix and award all compensation to parties who may be so entitled; to hear and determine all questions concerning the assets or property of the Debtor, including any questions relating to any sums of money, services, or property due to the Debtor; and determine all matters of any nature or type necessary or appropriate to carry out the Plan.

11. In the event the Debtor fails to follow the provisions of Local Rule 3022-1, the Debtor shall file a report within ninety (90) days from the date of the Order of Confirmation, setting forth the progress made in consummating the Plan. The report shall include: (1) a statement of distribution by class, name of creditor, date of distribution, and amount paid; (2) a statement of transfer of property; and (3) a statement of affirmation that the Debtor has substantially complied with the provisions of the confirmed Plan.

11. A schedule of payments to be made pursuant to the Plan is attached hereto as Exhibit A. Such exhibit summarizes the treatment of each class of creditors as follows:

a. Class 1A: The Holder of the Allowed Secured Class 1A Claim, Brevard County Tax Collector, shall retain the lien securing its collateral and its legal, equitable, and statutory rights will be unaltered by the Plan. It will be paid $4,373.93 within thirty (30) days from the Effective Date in full satisfaction of its Allowed Secured Class 1A Claim.

b. Class 1B: The Holder of the Allowed Secured Class 1B Claim, Seacoast National Bank, shall retain the lien securing its collateral and its legal, equitable, and contractual rights will be unaltered by the Plan.

c. Class 2: The Holder of the Allowed Secured Class 2 Claim, JPMorgan Chase Bank, N.A., shall secured by a first priority lien on Vehicle 7[2], owned by the Debtor. Chase filed Claim Number 4, alleging a total amount due of $13,815.97, secured by Vehicle 7. In full satisfaction of Chase's Allowed Secured Claim, Chase shall be secured by a first priority lien on the aforementioned property to the same validity and priority as existed as of the Petition Date and shall be paid through monthly payments of principal and interest, amortized over a period of 36 months at a 7.09% fixed rate of interest. The first payment will be due on the thirtieth day after the Effective Date and shall continue on the same day of each month thereafter. The monthly payments of principal and interest to Chase will be in the amount of $427.17. The Debtor shall have the absolute right to pre-pay some or all of the Allowed Secured Claim of Chase prior to the maturity date under the Plan with no penalties, fees or interest. Upon payment in full of the Allowed Secured Claim of Chase, Chase shall release its lien on Vehicle 7.

---

[2] All capitalized terms in this Order shall be given the same meaning as provided for in Debtor's Modified Plan of Reorganization (Doc. No. 180).

d.      Class 3: The Holder of the Allowed Secured Class 3 Claim, Sterling National Bank, shall be secured by a first priority lien on Vehicle 1, Vehicle 2, Vehicle 3, Vehicle 4, Vehicle 5 and Vehicle 6.  In full satisfaction of Allowed Secured Class 3 Claim in the amount of $65,500.00, Sterling National Bank shall be paid through monthly payments of principal and interest, amortized over a period of 60 months at a five percent (5.00%) fixed rate of interest. The first payment will be due on the thirtieth day after the Effective Date and shall continue on the same day of each month thereafter. The monthly payments of principal and interest to Sterling will be in the amount of $1,236.07.  The Debtor shall have the absolute right to pre-pay some or all of the Allowed Secured Claim of Sterling prior to the maturity date under the Plan with no penalties, fees or interest.  Upon payment in full of the Allowed Secured Claim of Sterling, Sterling shall release its lien on the six vehicles and/or transfer clear and marketable title to such vehicles to the Debtor or Reorganized Debtor.

e.      Class 4:  The Holders of Allowed Unsecured Class 4 Claims shall receive, in full satisfaction of their Claims: (1) a Pro Rata Share of the New Value Payment paid into the Bankruptcy Estate by George A. Ricardo.  Payment of the Pro Rata Distribution of the New Value Payment to Holders of Allowed Class 4 Claims shall be made no later than 30 days after the Effective Date; and (2) In addition to the a Pro Rata Share of the New Value Payment, the Debtor shall commit sixty percent (60%) of the gross recovery from the Midnight Adversary Proceeding and the CBSG Adversary Proceeding ("Litigation Proceeds"), to the Holders of Allowed Class 4 Claims.  The Holders of Allowed Class 4 Claims shall receive a *pro rata* share of the Litigation Proceeds within thirty (30) days from the date the Litigation Proceeds are received by the Debtor, all time for appeal has expired, and the Bankruptcy Court has approved the settlement agreement/compromise, if any.

    f. Class 5: Class 5 consists of all Equity Interests. George A. Ricardo owns 100% of the Equity Interests in the Debtor. All Equity Interests of the Debtor shall retain their ownership in the Debtor. As new value, upon the Effective Date, Ricardo shall make a cash infusion into the Debtor of $10,000.00 (the "New Value"). The New Value shall be distributed, on the Effective Date, on a *pro rata* basis to the Holders of Class 4 Allowed Unsecured Claims.

  12. On or before the Effective Date, the Debtor shall (i) pay in full all outstanding Quarterly Fees to the UST, pursuant to Section 1129(a)(12); and (ii) file with the Court the appropriate monthly financial reports indicating the cash disbursements for all pre-confirmation periods (or portions thereof).

  13. **A post-confirmation Status Conference has been scheduled for August 13, 2019 at 2:00 p.m., at the United States Bankruptcy Court, 400 W. Washington Street, 6th Floor, Courtroom A, Orlando, Florida 32801.**

Attorney Aldo G. Bartolone, Jr. is directed to serve a copy of this order on all interested parties and file a proof of service within three (3) days of entry of the order.

## PLAN PAYMENT SCHEDULE
### Executive Non-Emergency Transportation, Inc.
### Case No. 6:18-bk-3958-KSJ

| Class | Creditor | Creditor Address | Allowed Claim Amount | Payment Frequency | Payment Duration | Payment Amount |
|---|---|---|---|---|---|---|
| Priority Tax Claim | Internal Revenue Service | Internal Revenue Service<br>400 W. Bay Street<br>M/S 5730<br>Jacksonville, FL  32202 | $0.39 | One-Time Payment (Effective Date) | One-Time Payment | $0.39 |
| 1A | Brevard County Tax Collector (Secured Claim) | Lisa Cullen, CFC<br>Brevard County Tax Collector<br>P.O. Box 2500<br>Titusville, FL  32781-2500 | $4,373.93 | One-Time Payment (Effective Date) | One-Time Payment | $4,373.93 |
| 1B | Seacoast National Bank (Secured Claim) | Seacoast National Bank<br>815 Colorado Avenue<br>Stuart, FL  34994 | $ 282,527.73 | Monthly | 225 Months | $1,863.05 |
| 2 | Chase (Secured Claim) | JPMorgan Chase Bank, N.A.<br>National Bankruptcy Dept.<br>P.O. Box 901032<br>Ft. Worth, TX  76101-2032 | $13,815.97<br>Paid at 7.09% Fixed Interest | Monthly (Starting 5/10/2019) | 36 Months | $427.17 |
| 3 | Sterling National Bank (Secured Claim) | | $65,500.00<br>Paid at 5.00% Fixed Interest | Monthly (Starting 5/10/2019) | 60 Months | $1,236.07 |
| 4[1] | Sterling National Bank (Unsecured Claim) | | $145,552.89 | One-Time Payment (Effective Date) | One-Time Payment | $4,600.00 |
| 4 | Cozen O'Connor (Unsecured Claim) | Cozen O'Connor<br>One Liberty Place<br>1650 Market Street<br>Suite 2800<br>Philadelphia, PA  19103 | $22,239.01 | One-Time Payment (Effective Date) | One-Time Payment | $700.00 |

---

[1] The Holders of Allowed Class 4 Unsecured Claims, in addition to the pro rata distribution of the New Value Payment, will also receive their pro rata share of sixty percent (60%) of the gross proceeds from the Midnight Advance Adversary Proceeding and CBSG Adversary Proceeding, if any.

| 4 | Gatto's Tire and Service (Unsecured Claim) | Gatto's Tire and Service 15 W. Hibiscus Blvd. Melbourne, FL 32901 | $57,403.02 | One-Time Payment (Effective Date) | One-Time Payment | $1,800.00 |
|---|---|---|---|---|---|---|
| 4 | iFund Daily Capital LLC (Unsecured Claim | iFund Daily Capital LLC c/o Platzer, Swergold, et al. 475 Park Avenue South 18th Floor New York, NY 10016 | $25,000.00 | One-Time Payment (Effective Date) | One-Time Payment | $800.00 |
| 4 | Internal Revenue Service | Internal Revenue Service 400 W. Bay Street M/S 5730 Jacksonville, FL 32202 | $1,208.54 | One-Time Payment (Effective Date) | One-Time Payment | $70.00 |
| 4 | World Omni Financial Corp. | World Omni Financial Corp. P.O. Box 991817 Mobile, AL 36691-8817 | $564.67 | One-Time Payment (Effective Date) | One-Time Payment | $30.00 |
| 4 | Fuelman | Fuelman 422 W. 21 Street Jacksonville, FL 32206 | $13,606.27 (Scheduled Claim) | One-Time Payment (Effective Date) | One-Time Payment | $400.00 |
| 4 | Seacoast National Bank | Seacoast National Bank 815 Colorado Avenue Stuart, FL 34994 | $50,000.00 (Scheduled Claim) | One-Time Payment (Effective Date) | One-Time Payment | $1,600.00 |